## McFADDEN v. McCANN.

Landlord and tenant: RENEWAL OF LEASE: FORFEITURE. Where a lease for a definite time, with a privilege of renewal for a further period, contains a stipulation that the lease shall be at an end at the expiration of the original term, unless the lessee shall have before notified the lessor of his election to continue the tenancy, and also have secured to him the rent to accrue from and after the expiration of the original term,— the giving of the security, as well as the notice thus provided for, are conditions precedent to a renewal or continuance of the tenancy.   And, in order to create a forfeiture and defeat the lease upon the failure of the lessee to perform these conditions, no demand on the part of the lessor is necessary.

*Appeal from Dubuque District Court.*

THURSDAY, JULY 2.

ACTION of forcible entry and detainer against a tenant holding over after the termination of his lease.   Judgment for plaintiff, in the District Court.   Defendant appeals.

*Wilson & Mulkern* for the appellant.

*O'Neil & McNulty* and *Griffith & Knight* for the appellee.

BECK, J.—The only point presented for our consideration is one arising upon the construction of a lease.   It LANDLORD is properly before us upon exceptions to cer- AND TENANT: renewal of tain instructions given by the court below to lease: for- feiture. the jury.   The lease was for the term of two years, with an agreement that defendant should have "the privilege of three years in addition, from and after the expiration of said two years."   The following provision is contained in the lease, viz.:

McFadden v. McCann.

" It is agreed, that the tenancy of said McCann under this lease shall cease and be at an end on the 1st of March, A. D. 1867, unless he shall have notified said Strain of his election to continue three years longer, as aforesaid, on or before the 1st day of October, A. D. 1866, and unless he shall, on or before that day, secure to the parties having a right to the rent, to their satisfaction, the rent to accrue from the 1st day of March following."

The evidence tended to show that the defendant had given the notice required, of his election to continue for three years longer, and that he did not secure the rent according to the provisions of the lease, nor offer so to do, and that the security was at no time demanded by plaintiff. The court instructed the jury, in effect, that defendant could maintain no right to possession under the lease, unless he had secured, or offered to secure, the rent, as provided in the lease. To this instruction defendant objects. This is the only question raised by the record. Strain was the original lessor, and it is admitted that the land was conveyed to plaintiff by him.

It is claimed by defendant that, having given the notice required by the lease, it was not forfeited by reason of his failure or neglect to give the security, which would only have happened upon demand thereof by plaintiff, and neglect or refusal to comply by defendant.

It will be observed that the lease was for the term of two years, and at the expiration of that term was to terminate, subject to be continued or renewed upon notice, and security for the rent being given. These conditions are most evidently precedent to the renewal or continuance in force of the lease, and unless they were performed the instrument ceased to operate for a future term. The one act, notice, made a condition for the continuance of the lease was no more essential than the other, and, if one could have been omitted, both could

have been. Neither was a demand necessary upon the defendant in order to defeat the lease upon his failure to perform its conditions. It will be borne in mind that the instrument was not to become forfeited upon failure to give the notice and security, but was to be continued, kept in force by these acts. If it became forfeited upon failure to perform, then a demand for their performance may have been required of the plaintiff. But, as these acts were required to renew, to keep it in force, no demand was necessary. In the first case, it would not have been forfeited except upon the act or option of plaintiff; in the last, it ceased to operate unless certain acts were done by defendant, and no act of plaintiff was required to terminate its operation. Defendant's acts being necessary to keep the instrument in force, he was bound to perform them without notice or demand.

The case of *Tate* v. *Crowson* (6 Ired. [N. C.] 65), does not support the views of defendant's counsel. In that case the lease was for four years, with a condition that at the end of each year the rent for the coming year was to be secured, and in default thereof the lease to become forfeited. It was held that in case of failure to give the security required, the lease did not become forfeited without demand by the lessor for the security provided for. This is in accordance with the views above expressed, and by no means in support of those of defendant's counsel.

Defendant offered to prove that, at the time he gave plaintiff notice of his intention to continue under the the lease, plaintiff's wife, in his presence, said to defendant, in reply to the notification of his election to continue upon the farm: "We wish you good luck with the place." The court refused to permit this declaration of the wife to go in evidence. The declaration, as offered, did not bind plaintiff, and was, therefore, incompetent.

But, if competent, it did not show a waiver of the security, the object, as we understand it, for which it was offered; it was, therefore, immaterial, and properly excluded.

The judgment of the District Court is

Affirmed.